GRIFFIN, Judge,
concurring specially.
I suppose I concur based on the statutory scheme set forth in section 90.803(23), Florida Statutes, but some of the quirks of cases tried under these special rules of evidence will take some getting used to.
On the state’s motion, the court declared the eight year old child victim “unavailable” because she was unable to comprehend the oath and had difficulty communicating about what happened to her. Based on that ruling, her out-of-court hearsay statements were made admissible and she did not testify. Her deposition had been taken by videotape, however. Defense counsel sought to introduce statements made in the deposition that were assertedly inconsistent with the out-of-court statements introduced into evidence by the state. The court agreed the deposition could be used but only if the victim became a “defense witness” by deposition,[1] which would mean the defense would lose opening and closing in final argument. Defense counsel declined and now appeals that ruling.
When defense counsel attempted during closing argument to comment on the victim’s failure to testify, pointing out the hearsay witnesses’ testimony that the victim communicated well with them, the trial court sustained the state’s objection and fashioned what appears to have been intended as a curative instruction.
THE COURT: There was a determination made by me that the child was unavailable to become a witness.
I made that decision based on evidence that was presented to me in terms of listening to her testify, having her come to court and attempt to answer questions, watching her on a. videotape deposition in which I felt that she was unavailable — that she couldn’t answer the questions.
She was embarrassed by it all. She’s a very tender age, six years old or seven years old. And my decision was that she should not be called.
The defendant urges on appeal that it is unfair not to let the jury know that the child, whose statements have been admitted through others, is “unavailable” by virtue of having been declared incompetent as a witness on the state’s motion. Defendant further finds error in the court’s failure to inform the jury that its decision was prompted by a motion from the state.
Given the statutory scheme, I can find no error either in the court’s conclusion that the defendant could not offer impeachment during the state’s case of a witness who did not testify, or in the court’s conclusion that the defendant was not entitled to comment on the state’s failure to call a witness the court had declared unavailable.

. The deposition is not part of the record.